

## TRAFTON, MATZEN,
## BELLEAU & FRENETTE, LLP

Adam R. Lee
alee@tmbf-law.com
ME Bar No. 4143
NH Bar No. 20930

July 8, 2021

<u>Via Hand-Delivery</u>
Linda Mason, Clerk
Androscoggin County Superior Court
2 Turner Street
Auburn, Maine 04210

JUL 8 '21 PM2:58
ANDRO SUPERIOR COURT

RE:    **Michael Weaver v. Town of Livermore, et al.**
       **Docket No. AP-21-___**

Dear Ms. Mason:

Please find enclosed for filing in the above-referenced matter Plaintiff's Complaint and M.R.Civ.P. 80B Petition for Judicial Review, Summary Sheet and this firm's check in the amount of $175.00 for the requisite filing fee.

The Returns of Service will be forwarded upon receipt. As always, thank you for your attention to this matter.

Sincerely,

Adam R. Lee

ARL/mam
Encl.

CC:    Michael Weaver (via email and regular mail)
       Town of Livermore
       Amy Byron
       Aaron Miller
       James Manter
       Mark Chretien
       Brett Deyling
       Scott Richmond
       Benjamin Guild
       Tracey Martin

H:\ARL\Weaver, Michael\Correspondence\Clerk Letter re Complaint and 80B 7-8-21.docx

Ten Minot Avenue, P.O. Box 470, Auburn, ME 04212-0470 | 207-784-4531 | fax: 207-784-8738 | web: tmbf-law.com

STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-21- _/ O_

MICHAEL WEAVER, an adult individual
residing in Livermore, Androscoggin County,
State of Maine,

      Plaintiff/Petitioner

v.

TOWN OF LIVERMORE, a duly
authorized Maine municipality located in
Androscoggin County, State of Maine,

AMY BYRON, in her individual and official
capacity, an adult individual resident of
Livermore, Androscoggin County, State of
Maine,

AARON MILLER, in his individual and
official capacity, an adult individual resident
of Alna, Lincoln County, State of Maine,

JAMES MANTER, in his individual and
official capacity, an adult individual resident
of Livermore, Androscoggin County, State of
Maine,

MARK CHRETIEN, in his individual and
official capacity, an adult individual resident
of Livermore, Androscoggin County, State of
Maine,

BRETT DEYLING, in his individual and
official capacity, an adult individual resident
of Livermore, Androscoggin County, State of
Maine,

SCOTT RICHMOND, in his individual and
official capacity, an adult individual resident
of Livermore, Androscoggin County, State of
Maine,

JUL 8 '21 PM2:58
ANDRO SUPERIOR COURT

COMPLAINT AND M.R.CIV.P. 80B
PETITION FOR JUDICIAL REVIEW

1

**BENJAMIN GUILD**, in his individual and
official capacity, an adult individual resident
of Livermore, Androscoggin County, State of
Maine,

And

**TRACEY MARTIN**, in her individual and
official capacity, an adult individual resident
of Livermore, Androscoggin County, State of
Maine,

        Defendants/Respondents

 

NOW COMES Petitioner/Plaintiff, Michael Weaver, by and through undersigned

counsel, and hereby files this Complaint and Petition for Judicial Review. In support of this

Complaint, Mr. Weaver represents as follows:

      1.      Michael Weaver (hereinafter "Plaintiff") is an adult individual resident of

Livermore, Androscoggin County, State of Maine.

      2.      Town of Livermore (hereinafter "Livermore") is a duly authorized Maine

municipality located in Livermore, Androscoggin County, State of Maine.

      3.      Amy Byron (hereinafter "Byron") is an adult individual resident of Livermore,

Androscoggin County, State of Maine.

      4.      Aaron Miller (hereinafter "Miller") is an adult individual resident of Alna,

Lincoln County, State of Maine.

      5.      James Manter (hereinafter "Manter") is an adult individual resident of Livermore,

Androscoggin County, State of Maine.

      6.      Mark Chretien (hereinafter "Chretien") is an adult individual resident of

Livermore, Androscoggin County, State of Maine.

7.      Brett Deyling (hereinafter "Deyling") is an adult individual resident of Livermore, Androscoggin County, State of Maine.

8.      Scott Richmond (hereinafter "Richmond") is an adult individual resident of Livermore, Androscoggin County, State of Maine.

9.      Benjamin Guild (hereinafter "Guild") is an adult individual resident of Livermore, Androscoggin County, State of Maine.

10.     Tracey Martin (hereinafter "Martin") is an adult individual resident of Livermore, Androscoggin County, State of Maine.

11.     Livermore does not have a charter.

12.     Plaintiff is a licensed marijuana caregiver.

13.     Plaintiff has been a licensed medical marijuana caregiver for seven (7) years.

14.     At all times, he has been operating his caregiver business in Livermore.

15.     From late 2019 to about July 29, 2020, Livermore began drafting a medical marijuana ordinance. A true and accurate copy of Livermore's original medical marijuana ordinance is attached hereto and incorporated herein as **Exhibit A.**

16.     Upon information and belief, Livermore drafted its medical marijuana ordinance to permit other medical marijuana businesses to operate, but prevent Plaintiff's business from operating.

17.     Livermore's original medical marijuana ordinance prohibits a medical marijuana business from operating within 500ft of a municipal "safe zone" pursuant to 30-A M.R.S. § 3253 or a 1,000ft licensed daycare under 10-148 CMR c.32. Section 10.A.2.b.

18.     Livermore designated a baseball field near Plaintiff's medical marijuana business as a municipal "safe zone".

3

19.     Livermore, had, initially, only sought to prohibit medical marijuana businesses from being 1,000ft near a "school".

20.     Upon learning that a nearby privately-owned company providing speech therapy to children was not, under Maine law, considered to be a "school", Livermore expanded the prohibition to include childcare facilities in an attempt to preclude Plaintiff's business from operating.

21.     Livermore's original medical marijuana ordinance prevented a medical marijuana business from being within 500ft of a place for religious worship and related religious activity, public or private schools, recreational areas designated for use by children up to eighteen (18) years in age.

22.     Livermore's medical marijuana ordinance prevents medical marijuana businesses from being within 1,000ft of another property containing a building housing one or more medical marijuana businesses.

23.     Livermore's medical marijuana ordinance describes how to measure the setback requirements of medical marijuana businesses. Setbacks are to be measured from the property line of each parcel of property.

24.     Plaintiff owns two adjoining lots in Livermore with one lot for his medical marijuana caregiving and retail location and the other lot is vacant and unused.

25.     Plaintiff's vacant lot is within 500ft of the safe zone.

26.     Livermore represented that it would measure Plaintiff's medical marijuana location from the vacant lot, which would render his property noncompliant with the medical marijuana ordinance.

4

27.     During an inspection of Plaintiff's medical marijuana business, Livermore advised him that the metal grating on his windows was a compliant security measure.

28.     Under Livermore's medical marijuana ordinance, a medical marijuana business is required to have metal bars on its windows.

29.     On several occasions Plaintiff inquired with Town officials including Byron, whether he was able to apply to license his business. He was told that he could not, nevertheless, he came to learn that other businesses, whose security was substandard to that provided by Plaintiff, were being licensed while he was not permitted to apply.

30.     Plaintiff participated in all known public meetings about the medical marijuana ordinances.

31.     Plaintiff explained to Livermore that passage of the proposed medical marijuana ordinance would harm his business and the business of other medical marijuana caregivers in the community.

32.     During the drafting of Livermore's medical marijuana ordinance, Plaintiff submitted a Site Plan to Livermore's Planning Board.

33.     The Site Plan was, based on the information provided by Livermore officials, what Plaintiff needed for municipal authorization to open a medical marijuana business in compliance with the proposed ordinance and the laws of the State of Maine.

34.     Plaintiff began the site plan review process in October of 2019.

35.     Livermore inspected Plaintiff's property.

36.     Livermore's Planning Board approved Plaintiff's Site Plan.

37.     On July 29, 2020, Livermore held a virtual hearing by Zoom regarding Livermore's proposed medical marijuana ordinance, and only about seven (7) people attended.

38.     During that virtual hearing, Byron and a member of the Planning Board told Plaintiff that his Site Plan had been reviewed and approved.

39.     On August 4, 2020, Plaintiff mailed to Livermore a letter requesting the municipal authorization of Plaintiff's medical marijuana business as required by the Site Plan Review Ordinance. A true and accurate copy of that letter is attached hereto and incorporated herein as **Exhibit B.**

40.     Livermore never responded to or acted upon Plaintiff's letter requesting municipal authorization.

41.     During the drafting of Livermore's medical marijuana ordinance, Plaintiff routinely called and visited Livermore's Town Office to obtain a copy of the proposed medical marijuana ordinance and to learn when the ordinance would be voted on by the public.

42.     Livermore's Town Office was frequently closed to the public, and Plaintiff was otherwise given the "run around" with respect to his approved license and the marijuana ordinance.

43.     When Livermore finally delivered a copy of the ordinance to Plaintiff, it was an older draft.

44.     Ahead of Livermore's virtual hearing on the proposed medical marijuana ordinance, Livermore employee, Byron, provided Plaintiff with an earlier and outdated draft of the proposed ordinance.

45.     Livermore did not properly enact its proposed medical marijuana ordinance.

46.     Livermore did not post the proposed ordinance in the manner provided for town meetings as required by 30-A M.R.S. § 3002(1).

47.     Livermore did not post its proposed ordinance in a conspicuous, public place.

48.     Livermore's proposed ordinance exceeded ten (10) pages in length.

49.     Livermore employee, Miller, having conferred with former Livermore employee, Byron, confirmed that there was only one warrant relating to the medical marijuana ordinance.

50.     Miller provided an unexecuted copy of the medical marijuana ordinance warrant. A true and accurate copy of that warrant is attached hereto and incorporated herein as **Exhibit C.**

51.     Livermore represented to Plaintiff that this copy was identical to the executed copy of the medical marijuana ordinance warrant.

52.     This warrant did not meet the legal requirements for posting of a proposed ordinance exceeding ten (10) pages as required by 30-A M.R.S. § 3002(1).

53.     Livermore held a vote on the proposed medical marijuana ordinance on August 7, 2020.

54.     The medical marijuana ordinance purported to be enacted on August 12, 2020 after Livermore voted to adopt the proposed medical marijuana ordinance.

55.     Subsequent to the ordinance's purported passage, and upon information and belief, Plaintiff is the only individual or business to not be approved under the ordinance.

56.     While Town officials directed Plaintiff to an apparently misguided process, other businesses were guided to a far more simple process that resulted in their licensure without fulfilling all requirements of the ordinance, which Plaintiff's business meets.

57.     Adding insult to irreparable injury, on May 8, 2021, the Town held a poorly attended Zoom meeting regarding sudden and unexplained amendments to its ordinance, which included increasing the distance between medical marijuana businesses and religious related activities, licensed daycares, recreational areas for children up to 18 years old and designated

municipal safe zones changed from 500 to 1,000 feet. Upon information and belief the only medical marijuana business that would be affected by these amendments was and is Plaintiff.

58.    At the May 8th meeting, Defendant Miller admitted that there was no safety concern justifying the extension of the safe zone from 500 to 1,000 feet.

59.    Town officials, who previously falsely approved and indicated to Plaintiff that his business was licensed have now told him that he should not worry because he is not affected by the ordinance amendments. However, in a related petition for judicial review presently pending, the Town has asserted that such promises are of no legal value and not to be relied upon.

60.    On June 8, 2021, voters approved the warrant articles.

### COUNT I – M.R.CIV.P. 80B PETITION FOR JUDICIAL REVIEW

61.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 64 as if fully set forth herein.

62.    The Town of Livermore amendments of June 8, 2021 to its already invalid marijuana ordinance were and are affected by bias or error of law, unsupported by substantial evidence on the whole record, were arbitrary or capricious or characterized by abusive discretion, or were in excess of its statutory and constitutional authority and made upon unlawful procedure.

WHEREFORE, Plaintiff, by and through undersigned counsel, hereby requests that the Court vacate enactment of the amendments and enjoin the Town of Livermore from enforcing said amendments.

8

## COUNT II – 42 U.S.C. § 1983 (EQUAL PROTECTION and DUE PROCESS CLAUSE) CLAIM AGAINST ALL DEFENDANTS PURSUANT TO VIOLATION OF THE 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION AND THE DECLARATION OF RIGHTS OF THE MAINE CONSTITUTION

63.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 66 as if fully set forth herein.

64.     At all times relevant hereto, Plaintiff had rights clearly established under the 14th Amendment of the United States Constitution and enforceable against the states through the due process clause of the 14th Amendment to equal protection under the laws. Moreover, Plaintiff had a right to equal protection under Maine's Constitution at Article I, Section 6-A, as well as natural rights and other protections under Article I, Section 1 and Section 24.

65.     Plaintiff suffers from debilitating health conditions that restrict his vocal cords and interfere with his speech. As a result of his medical disabilities, Plaintiff has faced significant hurdles in communicating with Livermore regarding its medical marijuana ordinance. These issues have been exacerbated by adverse treatment and discriminatory actions by representatives of the Town of Livermore. They have also been exacerbated by Livermore's insistence on continued hosting of Zoom meetings on which Plaintiff has been frequently spoken over or not understood.

66.     Moreover, many of the decision makers involved in the process for the Town of Livermore have been individuals who have had substantial issues with Plaintiff in the past, including with respect to the closing of his prior business and his alcohol license. It has been evident throughout the process that these individuals have harbored these same biases and have carried them carried them into their interactions with the Plaintiff. Moreover, to the extent that the Town of Livermore has refused to provide Plaintiff's business approval of its operation as a

9

caregiver retail store, Livermore's decision as applied or in fact through the existence of its ordinance violates the local regulatory sections of 22 M.R.S. § 2429-D.

67.     Finally, through its actions and its ordinances and its continued amendment of the ordinance, Livermore and the named party officials continue to subject Plaintiff and his business to constant risk of civil violation and/or enhancement of any criminal violations within the federal criminal code, particularly as it pertains to the designation of a safe zone within the area of Plaintiff's business operation. These amount to deprivations of his due process rights, particularly as the individuals adjudicating these rights are biased against him.

68.     Plaintiff suffered damages, including economic and noneconomic injuries as a consequence of these violations.

69.     Defendants' actions violated clearly established statutory and constitutional rights which a reasonable person should have known, including under the above stated constitutional amendments, Maine's Medical Marijuana Act and potentially other Maine laws. Moreover, several Defendants had a duty to intervene to prevent a violation of these rights, a reasonable opportunity to intervene, and failed to intervene.

70.     The actions of subordinate officials were caused by those of their supervisors. In some instances the supervisors directed the subordinates to take the action in question, the supervisors had actual knowledge of the subordinate's violation of Plaintiff's rights and acquiesce to that violation, and/or the supervisors with deliberate indifference to the consequences, establish and maintain a policy, practice or custom which directly caused the violation. Moreover, these violations were result of official policy of the Town of Livermore.

71.     The Town of Livermore and its officials' deliberate indifference lead to the violation of Plaintiff's rights.

72.     Defendants' actions were with malice or so outrageous that malice can be implied and as a result Plaintiff is entitled to punitive damages.

73.     Defendants' actions in addition and/or in the alternative were with sufficient state of mind for punitive damages to issue under 42 U.S.C. § 1983, 1988.

74.     Defendants' acted with evil motive or intent or reckless or callous indifference to Plaintiff's federally and state protected rights.

WHEREFORE, Plaintiff prays for judgment as follows: (a) an injunction on the Town of Livermore's enforcement of its unconstitutional ordinance and amendments to said ordinance; (b) an award of compensatory damages against Defendants in an amount to be determined at trial; (c) an award of punitive damages against Defendants in an amount to be determined at trial; (d) an award of Plaintiff's costs and reasonable attorney's fees in this action pursuant to 42 U.S.C. §§ 1983 and 1988; (e) appropriate injunctive relief, including voiding the present marijuana ordinance and providing requirements that any subsequent ordinance follow statutory and constitutional rules applicable to the Town; and (f) an order granting such other and further relief as the Court deems just and proper.

Dated: July 8, 2021

_____
Adam R. Lee, Bar No. 4143
Attorney for Plaintiff/Petitioner

Trafton, Matzen, Belleau & Frenette
PO Box 470, 10 Minot Avenue
Auburn, Maine 04212-0470
207-784-4531
Alee@tmbf-law.com



# TOWN OF LIVERMORE

**Medical Marijuana Stores, Cultivation Facilities, Manufacturing Facilities, and Testing Facilities Ordinance**

ENACTED: _Aug. 11, 2020_____

CERTIFIED BY: _Renda J. Guild_____
Renda J. Guild, Town Clerk

Affix Seal

## Town of Livermore
## Table of Contents

### Medical Marijuana Stores, Cultivation Facilities, Manufacturing Facilities, and Testing Facilities Ordinance

| | | |
|---|---|---|
| 1 | Title | 3 |
| 2 | Authority & Applicability | 3 |
| 3 | Purpose | 3 |
| 4 | Conflicts with other Ordinances | 4 |
| 5 | Effective Date | 4 |
| 6 | Validity and Severability | 4 |
| 7 | Definitions | 4 |
| 8 | Permit/License Required | 4 |
| 9 | Application Procedure | 5 |
| 10 | Standards for Permit/License | 8 |
| 11 | Enforcement | 12 |
| 12 | Amendments | 13 |

### Medical Marijuana Stores, Cultivation Facilities, Manufacturing Facilities, and Testing Facilities Ordinance

#### 1 Title:

This ordinance shall be known and cited as the "Town of Livermore Medical Marijuana Stores, Cultivation Facilities, Manufacturing Facilities, and Testing Facilities Ordinance" and will be referred to hereinafter as "this Ordinance".  This Ordinance prescribes definitions for Medical Marijuana businesses, provides for permitting/licensing and regulation of Medical Marijuana businesses, and provides standards for Medical Marijuana businesses.

#### 2 Authority and Applicability:

**WHEREAS,** implementing a system for the regulation of stores, cultivation, manufacturing, and testing for both Medical Marijuana, a controlled substance, is a complex function with significant administrative demands on the Town of Livermore; and

**WHEREAS,** ensuring that possession and use of Medical Marijuana is limited to persons who are 21 years of age or older, except in the case of minors in possession of a Medical Marijuana Patient Card, is necessary to protect those who have not yet reached adulthood from the effects of irresponsible use of a controlled substance; and

**WHEREAS,** the Town of Livermore believes that any production, processing, or selling of Medical Marijuana should be conducted in a safe and fair manner for the health, safety, and welfare of the community, which includes complying with provisions of all applicable laws and ordinances relating to Medical Marijuana throughout the Town of Livermore; and

**NOW THEREFORE,** this Ordinance is adopted pursuant to the Marijuana Legalization Act, 28-B M.R.S. c. 1; Maine's Medical Marijuana laws and regulations, including but not limited to 22 M.R.S. c. 558-C; Article VIII, Part 2, Section 1 of the Maine Constitution; the provisions of the Municipal Home Rule Authority (30-A M.R.S. §3001 et seq.); and the provisions of the Planning and Land Use Regulation Act, 30-A M.R.S. §4312 et seq.

#### 3 Purpose:

It is the purpose of this Ordinance to regulate Medical Marijuana businesses in order to promote the health, safety, and general welfare of the citizens of Livermore, and to establish reasonable and uniform regulations for the appropriate location of Medical Marijuana businesses in Livermore.

Persons or entities wishing to establish a Medical Marijuana business within the Town of Livermore shall first obtain a State of Maine Medical Marijuana Caregiver License

and then apply for a permit/license from the Town of Livermore and shall be subject to the provisions of this Ordinance.

This Ordinance may not be construed to limit any privileges or rights of a qualifying patient, caregiver, or registered caregiver under Maine's Medical Marijuana laws and regulations, including but not limited to 22 M.R.S. c. 558-C, except that Medical Marijuana Stores operated by registered caregivers are subject to the provisions of this Ordinance.

## 4 Conflict with Other Ordinances; Severability:

Whenever a provision of this Ordinance conflicts with or is inconsistent with other provisions of this Ordinance, or of any other ordinance, regulation or standard, the more restrictive provision shall apply.

## 5 Effective Date:

The effective date of this Ordinance and the permitting/licensing of the establishment or operation of any Medical Marijuana Store, Medical Marijuana Cultivation Facility, Medical Marijuana Manufacturing Facility, and Medical Marijuana Testing Facility in Livermore thereunder, shall be the date of adoption by the voters at Town Meeting.

## 6 Validity and Severability:

Should any section or provision of this Ordinance be declared by any court to be invalid, such decision shall not invalidate any other section or provision of this Ordinance.

## 7 Definitions:

For the purpose of this Ordinance, Medical Marijuana businesses, including Medical Marijuana Stores, Medical Marijuana Cultivation Facilities, Medical Marijuana Manufacturing Facilities, and Medical Marijuana Testing Facilities are defined in Maine's Medical Marijuana Law.

For the purpose of this Ordinance, the term, "Marijuana Business" means any Medical Marijuana business listed in the preceding paragraph.

For the purpose of this Ordinance, the term, "Plant Canopy" is defined as set forth in 28-B M.R.S. §102.

For the purpose of this Ordinance, the term "Medical Marijuana Stores" includes storefronts operated by registered caregivers and medical marijuana dispensaries.

## 8 Permit/License Required:

No person may establish, operate or maintain a Medical Marijuana business without first obtaining a permit/license from the Town of Livermore.

4

It is a violation of this Ordinance for any person to operate a Medical Marijuana business within the Town of Livermore without a Medical Marijuana business permit/license issued by the Town pursuant to this Ordinance. Annual renewal must occur prior to date of permit/license expiration to include new and existing businesses.

It is a violation of this Ordinance for any person to operate a Medical Marijuana business within the Town of Livermore without a valid Medical Marijuana business permit/license issued by the State pursuant to State Medical Marijuana laws and regulations.

Pursuant to 28-B M.R.S. §402, the Town has placed the following permit/license limits for the following four (4) categories of Medical Marijuana businesses: Stores - two (2) Medical; Cultivation Facilities - five (5) total; Manufacturing Facilities - three (3) total; and Testing Facilities - two (2) total.  Whenever a permit/license expires and is not renewed, or the Town declines to renew a permit/license, other permit/license applications may be reviewed, but the cap of permits/licenses per each category shall be maintained.   In the event cap is reached, application fee date is the first determining factor.  Any ties thereafter result in determination by lottery.

In the event of the proposed sale of a marijuana business, the tentative purchaser shall be given preference to obtain a new permit/license to replace the seller's permit/license within sixty (60) days prior to the date of the sale.

The tentative purchaser shall file an application with fee and provide all the information required in this Ordinance.  If the application is approved by the Town, the Municipal Officers shall specify that the permit/license for same is contingent on the sale being completed and the Town's receipt of permit/license fees.

All Medical Marijuana Stores must be operated from permanent locations, which may utilize telephone and internet orders as long as the buyer, on the day the order is made, pays for and picks up such orders in the store.

Medical Marijuana Stores may not use vending machines for sales, may not have "drive-through" or "drive-up" window-serviced sales, and may not have internet-based sales with credit/debit card payment and delivery by USPS, UPS, FedEx, DHL, or any other global or local delivery service or courier.

## 9 Application Procedure:

**A.** An application for a permit/license must be made on the form for same provided by the Town.

**B.** All applicants must be qualified according to the provisions of this Ordinance. The application requests and the applicant shall provide information so the Town can determine whether the applicant meets the qualifications established in this Ordinance.

**C.** The Town will give first priority to applicants, who for the two (2) year period immediately preceding the date of application:  (i) have been cultivating Medical

Marijuana within the Town in compliance with applicable State law and regulations for same; (ii) have continuously held a Caregiver's Registry Identification Card (unless this requirement is waived by the Town for good cause); and (iii) have had at least three (3) patients in each year of the two (2) year period.

**D.** Applications to establish a Medical Marijuana business:

1. If the applicant who wishes to operate a Medical Marijuana business is a single individual, this person must sign the application for a permit/license. If the applicant who wishes to operate a Medical Marijuana business is more than one individual, each person who has an interest in the business must sign the application for a permit/license as applicant. Each applicant must be qualified under the following Section and each applicant shall be considered a permittee/licensee if a permit/license is granted.

2. The completed application for a Medical Marijuana business permit/license shall contain the following information and shall be accompanied by the following documents:

   a. If the applicant is an individual: The individual shall state their legal name and any aliases, and submit proof that they are at least twenty-one (21) years of age.

   b. If the applicant is a partnership: The partnership shall state its complete name, and the names of all partners, whether the partnership is general or limited, submit a copy of the partnership agreement, if any, and submit proof that all partners are at least twenty-one (21) years of age.

   c. If the applicant is a corporation: The corporation shall state its complete name, the date of its incorporation, evidence that the corporation is in good standing under State law, the names and capacity of all officers, directors and principal stockholders, the name of the registered corporate agent, the address of the registered office for service of process, and submit proof that all officers, directors and principal stockholders are at least twenty-one (21) years of age.

   d. If the applicant is a limited liability company (LLC): The LLC shall state its complete name, the date of its establishment, evidence that the LLC is in good standing under State law, the names and capacity of all members, a copy of its operating agreement, if any, the address of its registered office for service of process, and submit proof that all members are at least twenty-one (21) years of age.

   e. If the applicant intends to operate the Medical Marijuana business under a name other than that of the applicant, they must state the business' name and submit the required registration documents.

6

f.  If the applicant or a potential employee has been convicted of criminal activity under State and/or federal law, they must list the specified criminal activity involved, and the date, place, and jurisdiction of each conviction.

g.  If the applicant has had a previous permit/license under this Ordinance or other similar marijuana business ordinances from another Town, City, or State denied, suspended or revoked, they must list the name and location of the marijuana business for which the permit/license was denied, suspended or revoked, as well as the date of the denial, suspension or revocation, and they must list whether the applicant has been a partner in a partnership or an officer, director, or principal stockholder of a corporation that is permitted/licensed under this Ordinance, whose permit/license has previously been denied, suspended or revoked, listing the name and location of the marijuana business for which the permit was denied, suspended, or revoked as well as the date of denial, suspension or revocation.

h.  If the applicant holds any other permits/licenses under this Ordinance or other similar marijuana business ordinance from another Town, City, or State and, if so, the names and locations of such other permitted/licensed businesses must also be provided.

i.  The classification of permit/license for which the applicant is filing.

j.  The location of the proposed Medical Marijuana business, including a legal description of the property, street address, and telephone number.

k.  The applicant's mailing address and residential address.

l.  Recent passport-style photograph(s) of the applicant(s).

m.  The applicant's driver's license and Social Security numbers.

n.  A sketch showing the configuration of the subject premises, including building footprint, interior layout with floorspace to be occupied by the business, and parking plan. The sketch must be drawn to scale with marked dimensions.

o.  A copy of a Town Tax Map depicting:   the subject property lines and the property lines of other properties containing any existing Medical Marijuana businesses within one thousand (1,000) feet of the subject property; The property lines of any public or preexisting private school within one thousand (1,000) feet of the subject property; and/or property used primarily for religious worship and related religious activities, and/or property used for licensed daycare use under 10-148 CMR c. 32, and/or recreational areas designated for use by children up to eighteen (18) years in age, and/or areas designated as a municipal "safe zones" pursuant to 30-A M.R.S. §3253, within five hundred (500) feet of the subject property.

7

3. Some portions of applications for a Medical Marijuana business permit/license shall be kept confidential by the Town and used for administrative purposes only due to sensitive information contained therein such as Social Security numbers, etc., as allowed by FOAA (Freedom of Access Act).

4. All applicants (including all officers, directors, managers, members, or partners) for any Medical Marijuana business permit/license, excepting Marijuana Testing Facilities, must have been residents of the State, and paid taxes in the State, for a period of not less than four (4) years immediately preceding the date of the application per 28-B M.R.S. §202.2.B. This requirement expires on June 1, 2021 per 28-B M.R.S. §102.48.

5. If the applicant is a person, the applicant must be a resident as that term is defined in the application. If the applicant is a corporation, partnership, or limited liability company, every officer, director, and managing partner must be a person who is a resident, and a majority of shares, partnership interests, and membership interests, or other equity interests, must be held or owned by persons who are residents. This residency requirement does not apply to applicants for Testing Facility licenses.

**E.** Application and Permit/License Fees

All applications must be submitted with a non-refundable $500 fee. If an application is approved, the following permit/license fees must be paid before the Town will issue a permit/license:

Medical Marijuana Store: Annual Permit/License Fee: $2,500 nonrefundable

Medical Marijuana Manufacturing Facility: Annual Permit/License Fee: $2,500 non-refundable

Medical Marijuana Cultivation Facility: Annual Permit/License Fee: $2,500 non-refundable

Marijuana Testing Facility: Annual Permit/License Fee: $2,500 non-refundable

All existing Medical Marijuana businesses will be subject to Annual Permit/License Fees at the next renewal of their existing license.

**10 Standards for Permit/License:**

**A.** General

8

(                                                    (

1. Medical Marijuana businesses, whether Retail Stores (including Medical Marijuana storefronts), Cultivation Facilities, Manufacturing Facilities, or Testing Facilities, may only exist and operate in the Limited Commercial Zoning District.

2. Medical Marijuana businesses may not be operated on property located within:

   a. One thousand (1,000) feet of the property line of a public or preexisting private school (K-12) per 28-A M.R.S. §402.2.A; and/or

   b. One thousand (1,000) feet of the property line of: property used primarily for religious worship and related religious activities; property used for licensed daycare use under 10-148 CMR c. 32; recreational areas designated for use by children up to eighteen (18) years in age; or areas designated as a municipal "safe zones" pursuant to 30-A M.R.S. §3253.

   Required setbacks under 2. a. & b. above shall be measured as the most direct, level, shortest, straight-line distance between property lines.

3. A property containing a building housing one or more Medical Marijuana business (es) may not be located within one thousand (1,000) feet of another property containing a building housing one or more Medical Marijuana business (es).

4. More than one Medical Marijuana business (Store and/or Cultivation Facility and/or Manufacturing Facility and/or Testing Facility) may be co-located and operated within the same building, structure, or portion thereof, as long as all ordinance and application requirements are met.

5. The sale or offering for sale of Medical Marijuana and/or Medical Marijuana products under permit/license and the sale or offering for sale of Adult Use Marijuana and/or Adult Use Marijuana products under permit/license within the same facility or building by the same licensee is prohibited per 28-B M.R.S. §504.5.

6. For the purpose of subsection A.2 of this Section, measurement shall be made in a straight line, without regard to the intervening structures or objects, from the nearest property line of a property containing a building or structure used as the premises where a Medical Marijuana business is conducted, to the nearest property line of the premises of a use listed in subsection A.2. Presence of a Town, County, or other political subdivision boundary shall be irrelevant for purposes of calculating and applying the distance requirements of this Section.

7. For purposes of subsection A.3 of this Section, the distance between any two properties containing a building housing one or more Medical Marijuana businesses shall be measured in a straight line, without regard to the intervening

9

structures or objects or political boundaries, from the closest property line of each property containing the building in which each business is located.

8.  Security measures at all Medical Marijuana business premises shall include, at a minimum, the following:

    a.  Security surveillance cameras installed and operating twenty-four (24) hours a day, seven (7) days a week, with ten (10) day video storage, to monitor all entrances, along with the interior and exterior of the premises, to discourage and facilitate the reporting of criminal acts and nuisance activities occurring at the premises; and

    b.  Door and window combination video and motion detector intrusion system with audible alarm and smart phone monitoring, maintained in good working condition; and

    c.  A locking safe permanently affixed to the premises that is suitable for storage of all marijuana, marijuana products, and cash stored overnight on the licensed premises; and

    d.  Exterior lighting that illuminates the exterior walls of the licensed premises during dusk to dawn, that is either constantly on or activated by motion detectors, and complies with applicable provisions of the lighting performance standards in the Town of Livermore Zoning Ordinance; and

    e.  Deadbolt locks on all exterior doors and any other exterior access points, excepting windows which shall have locks and bars; and

    f.  Methods to ensure that no person under the age of twenty-one (21) shall have access to marijuana and marijuana products.

9. Ventilation

    All Medical Marijuana businesses are required to have <u>odor mitigation systems.</u>

10. Required Notices

    There shall be posted in a conspicuous location inside each Medical Marijuana Store, at least one legible sign containing the following information:

    *"Use of or allowed on-site consumption of marijuana is illegal; Open and public consumption of marijuana in the State of Maine is illegal; The use of marijuana or marijuana products may impair a person's ability to drive a car or operate machinery; No one under the age of twenty-one (21) allowed, except a minor with a Medical Marijuana Card; Loitering prohibited".*

11. Signs

    All signs used by and all marketing and advertising conducted by or on behalf of

the marijuana business may not involve advertising or marketing that has a high likelihood of reaching persons under 21 years of age or that is specifically designed to appeal particularly to persons under 21 years of age. The signs, marketing, or advertising is prohibited from making any health or physical benefit claims.

All signage shall meet the Town's Sign Ordinance and may use an image or images of the marijuana plant or plants, or parts thereof, as long as they do not exceed 20% of the sign face, but there shall be no pictorial representations of other marijuana products, by-products, or paraphernalia associated with the use or distribution of retail marijuana. The exterior of all Medical Marijuana Stores shall display a 1' x 1' image of any universal symbol for same adopted by the State's Department of Administration and Financial Services.

**B.** Right of Access/Background Check/Inspection

Every Medical Marijuana business shall allow Code Enforcement and Law Enforcement officers unscheduled visits for compliance to safety, health, code verification and licensure to enter the premises at reasonable times for the purpose of checking compliance with all applicable State laws and this Ordinance. Every owner and employee of a Medical Marijuana business applying for a permit/license, shall contact the Livermore Town Office and all premise managers for Medical Marijuana businesses shall submit emergency contact information to the Livermore Town Office.

Due to fire, explosion, and other hazards inherent in Marijuana Cultivation and Manufacturing Facilities, including, but not limited to, heavy electrical loads, hot lighting fixtures, $CO_2$ enrichment, extraction solvents (acetone, butane, propane, diethyl ether, heptane, $CO_2$, etc.), products with flash points under 100°F, high-pressure extraction methods ($CO_2$, etc.), and flammable contents, the owners of all such facilities shall agree to be inspected annually by the Livermore Fire Rescue Department.

Marijuana Cultivation and Manufacturing Facilities must comply with NFPA-1 Chapter 38 standards for *Marijuana Growing, Processing, or Extraction Facilities*, and these standards will be utilized by the Livermore Fire Rescue Department during their inspections of these premises. A Knox Box shall be installed at the structure's exterior entrance for emergency access, and all Knox Boxes shall be obtained and installed in coordination with the Livermore Fire Rescue Department at the expense of the business owner.

**C.** Indemnification

By accepting a permit/license issued pursuant to this Ordinance, the permittee/licensee waives and releases the Town, its officers, elected officials, employees, attorneys, and agents from any liability for injuries, damages, or

11

(                                      (

liabilities of any kind that result from any arrest or prosecution of any Medical
Marijuana business owners, operators, employees, clients, or customers for a
violation of local, State or federal laws, rules, or regulations.

By accepting a permit/license issued pursuant to this Ordinance, the
permittee/licensee agrees to indemnify, defend, and hold harmless the Town, its
officers, elected officials, employees, attorneys, agents, and insurers against all
liability, claims, and demands on account of any injury, loss or damage, including
without limitation, claims arising from bodily injury, personal injury, sickness,
disease, death, property loss or damage, or any other loss of any kind whatsoever
arising out of or in any manner connected with the operation of a permitted/licensed
Medical Marijuana business.

**D.** State Law

In the event the State of Maine adopts any additional or stricter law or regulation
governing the sale, cultivation, manufacture, distribution, or testing of Medical
Marijuana or marijuana products, the additional or stricter regulation shall control
the establishment or operation of any Medical Marijuana Store, Cultivation Facility,
Manufacturing Facility, or Testing Facility in Livermore.

Compliance with 28-B M.R.S. c. 1, State laws and regulations pertaining to medical
marijuana, and any other applicable State laws or regulations shall be deemed an
additional requirement for issuance or denial of any permit/license under this
Ordinance, and noncompliance with 28-B M.R.S. c. 1 and any other applicable
State law or regulation shall be grounds for revocation or suspension of any
permit/license issued hereunder.

## 11 Enforcement:

**A.** Violations

1. Any violation of this Ordinance, including failure to comply with any condition,
   shall be deemed to be a violation of 30-A M.R.S. §4452.  Each day of violation
   constitutes a separate offense.

2. Commencement of any Medical Marijuana business without a
   Town permit/license for same shall be a violation of this Ordinance.  Any party
   committing such a violation shall immediately cease operations, whether of a
   construction, renovation, or business nature, upon notification by the Code
   Enforcement Officer (CEO).  Upon such CEO notification, the Town can pursue
   fines and/or penalties under 30-A M.R.S. §4452.

**B.** Code Enforcement Officer (CEO)

1. If the CEO finds that any provision of this Ordinance is being violated, they
   shall notify in writing the person responsible for such violation, indicating the

12

nature of the violation and ordering the action necessary to correct it, including but not limited to, discontinuance of illegal use of land, buildings, or structures, or work being done, removal of illegal buildings or structures, and abatement or mitigation of violations. A copy of such notices shall be submitted to the Municipal Officers and be maintained as a permanent record.

2. The CEO shall keep a complete record of all essential transactions of the CEO, including Medical Marijuana permit/license applications submitted, permits/licenses granted or denied, revocation actions, revocation of permits/licenses, appeals, court actions, violations investigated, violations found and fees collected.

**C.** Law Enforcement Officers

Law enforcement officers may at any reasonable time conduct on-site inspections to insure compliance with all applicable laws and conditions attached to permit/license approvals, and shall investigate all complaints of alleged violations of the Ordinance.

**D.** Legal Actions

When the above notification and/or inspection actions do not result in the voluntary correction or abatement of the violation by the subject Medical Marijuana business, the Municipal Officers, upon receiving written notification from the CEO, shall institute any and all actions and proceedings, either legal or equitable, including injunctions of violations and the impositions of penalties and/or fines in order to enforce the provisions of this Ordinance.

The Municipal Officers, or their authorized agent, are hereby authorized to enter into administrative consent agreements for the purpose of eliminating violations of this Ordinance and recovering fines without court action.

**E.** Penalties/Fines

Any person, including but not limited to, a Medical Marijuana business owner, a property owner where such business is located, or any agent or contractor for same, who orders or conducts any activity in violation of this Ordinance, or fails to comply with any of its requirements, shall be penalized in accordance with 30-A M.R.S. §4452.

## 12 Amendments:

**A.** Initiation of Amendments

An amendment to this Ordinance may be initiated by:

1. The Municipal Officers, provided a majority of the Municipal Officers has so voted; or

13

2. Written petition of a number of voters equal to at least ten percent (10%) of the number of votes cast in the municipality at the last gubernatorial election.

**B.** Public Hearing

The Municipal Officers shall hold a Public Hearing on the proposed amendment. Notification of the hearing shall be posted and advertised in a newspaper of general circulation in the municipality at least seven (7) days prior to the hearing.

**C.** Adoption of Amendment

An amendment of this Ordinance shall be adopted by a majority vote at a Town Meeting.





8/4/2020

<u>VIA Certified Mail</u>
Town Clerk or Selectmen
Town of Livermore
10 Crash Road
Livermore, ME 04253

Re:    **Request for Written Approval of Mr. Weaver's Site Plan**

Dear Town of Livermore,

During a Town of Livermore planning board meeting, dated 7-29-2020, the Town of Livermore, through one of its planning board members, stated that Michael Weaver's medical marijuana business and/or site plan of the medical marijuana business had been "approved" by the Town of Livermore.

Mr. Weaver requests a written and signed municipal approval demonstrating that the site plan for his medical marijuana business has in fact been approved by the Town of Livermore prior to the planning board meeting held on 7-29-2020.

Failure to provide a written and signed approval of Mr. Weaver's site plan for his medical marijuana business may result in legal action against the Town of Livermore.

This letter is written without waiver or prejudice to any right or remedy belonging to Mr. Weaver, all of which are expressly reserved.

Sincerely,

Martin Tartre, Esq.
Bar No. 5899
91 J Auburn St. #1022
Portland, ME 04103
(207) 364-2222
martin@tartrelaw.com

cc: Michael Weaver

**Mailing Address: 91 J Auburn Street #1022, Portland, Maine 04103**
**Phone: (207) 364-2222 • Email: martin@tartrelaw.com**

# Town of Livermore



## Official Warrant
## Medical Marijuana Ordinance
### July 29, 2020

To:  Bradley Buzzell, Constable of the Town of Livermore, County of Androscoggin, State of Maine.

**Greetings:**

In the name of the State of Maine, you are required to notify and warn the voters in the Town of Livermore in the County of Androscoggin, in the State of Maine, qualified by law to vote in Town affairs, to meet at the Spruce Mountain Primary School, 107 Gibbs Mill Road in said Town of Livermore on Tuesday, August 11, 2020, at 8:00 AM, there and then to act on the following article:

**Article 1.**  Shall the following vote be adopted?

    (1)  Shall an ordinance entitled "TOWN OF LIVERMORE Medical Marijuana Stores, Cultivation Facilities, Manufacturing Facilities, and Testing Facilities" be enacted?

Dated:  July 29, 2020

Municipal Officers:

_____
Mark Chretien, Chair

_____
Brett Deyling, Vice Chair

_____
Scott Richmond

_____
Benjamin Guild

_____
Tracey Martin

A true copy of the warrant,

Attest: _____
    Jean Tardif, Deputy Clerk