UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RICHARD LIGHT, Personal Representative of the Estate of Michael Weaver, <br><br> Plaintiff, <br><br> v. <br><br> TOWN OF LIVERMORE, AMY BYRON, AARON MILLER, JAMES MANTER, MARK CHRETIEN, BRETT DEYLING, SCOTT RICHMOND, BENJAMIN GUILD, AND TRACEY MARTIN, et al., <br><br> Defendants. | 1:21-cv-00266-JAW |

**ORDER ON MOTION TO AMEND**

A plaintiff seeks leave to file a second amended complaint in response to the Court's order requesting clarification as to whether he intended to do so. Applying the "freely given" standard of Federal Rule of Civil Procedure 15, the Court grants the Plaintiff leave to file a second amended complaint and will address the defendants' additional arguments in a further order resolving the pending motion to dismiss.

I.  **PROCEDURAL HISTORY**

On November 2, 2021, the Defendants filed a motion to dismiss Michael Weaver's First Amended Complaint. *Defs.' Mot. to Dismiss Am. Compl. for Failure to State a Claim* (ECF No. 14) (*Defs.' Mot.*). On December 3, 2021, Mr. Weaver responded in opposition to the Defendants' motion to dismiss. *Pl.'s Opp'n to Defs.' Mot. to Dismiss Am. Compl. for Failure to State a Claim* (ECF No. 18) (*Pl.'s Opp'n*).

On December 14, 2021, the Defendants replied. *Defs.' Reply in Supp. of Mot. to Dismiss Am. Compl.* (ECF No. 19) (*Def.'s Reply*). On July 6, 2022, in light of Mr. Weaver's death, the Court granted his son Richard Light's motion to be substituted as Plaintiff in this case. *Mot. to Substitute Parties Pursuant to the Death of Michael Weaver* (ECF No. 22); *Order* (ECF No. 23). Mr. Light, as Personal Representative of Mr. Weaver's Estate, will proceed with respect to this matter.

On July 19, 2022, the Court ordered the Plaintiff to clarify his filings in opposition to the Defendants' motion to dismiss and inform the Court whether he would seek leave to file a second amended complaint. *Order* (ECF No. 24). On July 26, 2022, Mr. Light filed a motion for leave to file a second amended complaint. *Mot. for Leave to File Second Am. Compl.* (ECF No. 25) (*Pl.'s Mot. to Amend*). On August 2, 2022, the Defendants opposed Mr. Light's motion to amend. *Defs.' Opp'n to Pl.'s Mot. for Leave to File Second Am. Compl.* (ECF No. 26) (*Defs' Opp'n to Mot. to Amend*). On August 5, 2022, Mr. Light replied. *Pl.'s Reply to Defs.' Opp'n to Pl.'s Mot. for Leave to File Second Am. Compl.* (ECF No. 27) (*Pl.'s Reply to Defs.' Opp'n to Mot. to Amend*).

## II.   THE PARTIES' ARGUMENTS

### A.   Richard Light's Motion to Amend

Pursuant to Federal Rule of Civil Procedure 15, Mr. Light seeks leave to add a new declaratory judgment claim to his complaint. He contends that "there is no basis to deny [his] motion to amend, [because] it is based on [his] allegedly erroneous commencement of his claim for declaratory judgment as a [Rule 80B] Petition for Judicial Review out of an abundance of caution." *Pl.'s Mot. to Amend* ¶¶ 1-2. He says that Rule 80B "augments the liberality of Rule 15." *Id.* Mr. Light submits that the

"claim for declaratory judgment with regard to the applicable ordinance passage, amendment, as well as the unlawful failure to grant licensure are all claims that [he] would be well within any statute of limitations applicable to the Declaratory Judgment Act." *Id.* ¶ 3.

### B. The Defendants' Opposition

In opposition, noting the passing of Richard Weaver and substitution of Richard Light as personal representative of Mr. Weaver's Estate, the Defendants argue that the entire case is moot because "[t]here is nothing in the Maine Medical Use of Marijuana Act (MMUMA) to suggest that a registered caregiver's license redounds to the benefit of that formerly registered caregiver's estate once the registered caregiver passes away." *Defs.' Opp'n to Mot. to Amend* at 2. The Defendants emphasize that to become a registered caregiver the person must go through a thorough background check and, furthermore, the ordinance says nothing about an estate holding a license. *Id.* at 3. They explain that "[a] hallmark sign of a case being moot is that a court would not be able to 'give any effectual relief to the potentially prevailing party,'" *id.* at 3-4 (quoting *United States v. Sampson*, 26 F.4th 514, 516 (1st Cir. 2022)), and that, here, "all counts . . . stem from or relate to Michael Weaver's desire to hold a license to operate a medical marijuana retail store in Livermore." *Id.* at 4. They argue that "Richard Light . . . has no cognizable interest in a license being issued to the estate because there is no mechanism in the law . . . for the estate to hold a license issued . . . to operate a retail store." *Id.* The Defendants say that if Richard Light wishes to operate a medical marijuana retail store he must personally register as a caregiver and submit an application for a license. *Id.*

3

The Defendants say that Mr. Light's proposed Count IV for a declaratory judgment alleges two distinct issues: (1) that Livermore failed to comply with the statute governing ordinance enactments, 30 M.R.S. § 3002; and (2) that Livermore failed to issue Mr. Weaver a medical marijuana retail license. *Id.* at 5-6. As to the first issue, the Defendants assert that Mr. Light never "suffered injury in fact as a result of the Medical Marijuana Ordinance enactment process" and the "estate has no legally protected interest in a retail store license neither it nor Michael Weaver ever held." *Id.* at 6. They submit that even if the estate did have standing to pursue the claim, "lack of strict compliance with the statute is not sufficient to invalidate an ordinance based on enactment procedure grounds," *id.* at 6-7 (citing *Crosby v. Inhabitants of Town of Ogunquit*, 468 A.2d 996, 998 (Me. 1983); McQuillin, *Municipal Corporations* § 16:10 (3d ed.), and that on the face of the proposed second amended complaint and the ordinance warrant "the Town substantially complied with the provision." *Id.* at 7.

Regarding the second component of proposed Count IV, the Defendants again contend that Mr. Light, as personal representative of Mr. Weaver's estate, lacks standing. *Id.* They also submit that "Plaintiff is attempting to dress up as a declaratory judgment claim an issue that *is* subject to 80B: the issue of permitting and/or licensing," *id.* at 8, and that "[a] declaratory judgment action cannot be used to create a cause of action that does not otherwise exist." *Id.* (quoting *Sold, Inc. v. Town of Gorham*, 2005 ME 24, ¶ 10, 868 A.2d 172). The Defendants explain that "[p]aragraph 95 of Count IV is an untimely attempt to challenge the non-issuance of

4

the license" and that "[u]nder any concept of when the Town should have acted but failed to do so in response to Michael Weaver's attorney's letter to the Town [regarding receipt of a license], filing the Complaint almost twelve months after the demand for the Town to act falls well outside of when action by the Town 'should reasonably have occurred.'" *Id.* at 9.

### C.    Richard Light's Reply

In reply, Mr. Light again reiterates that leave to amend should be freely given and that the Defendants' arguments are more appropriate for a motion for summary judgment than an opposition to a motion to amend. *Pl.'s Reply to Defs.' Opp'n to Mot. to Amend* at 1.  As to the Defendants' mootness arguments, Mr. Light asserts that "[t]he building that Michael Weaver owned is among the assets that are to be distributed by his estate," thus "[w]hether a medical marijuana retail store can be operated at that building is certainly very much a germane question to the Estate, and very much remains a meaningful question for those who will obtain the asset." *Id.* at 2.  He asserts that it is "the rule, not the exception . . . [that such] actions . . . survive death." *Id.*

Finally, regarding futility, Mr. Light rejects the Defendants' arguments regarding his standing for the same reasons discussed above.  He also contends that "[t]he failure to provide licensure portion of Plaintiff's declaratory judgment action is already part of its separate 80B claim that is presently stayed in the Superior Court and is re-articulated here as part of the amended count here for context and out of an abundance of caution—and, because, if this matter is sent back to the Superior Court, the likely result would be the consolidation of the two separate matters." *Id.* at 2-3.

He says that, "[i]n short, they are valid 80B claims, and they were asserted separately and timely in a separate [Rule] 80B petition for judicial review." *Id.* at 3.

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading "only with the opposing party's written consent or the court's leave" once the time to amend "as a matter of course" has passed. FED. R. CIV. P. 15(a)(2). Although "[t]he court should freely give leave [to amend] when justice so requires," *id.*, "[t]he liberal amendment policy prescribed by Rule 15(a) does not mean that leave will be granted in all cases." *Thurlow v. York Hosp.*, No. 2:16-cv-179-NT, 2017 U.S. Dist. LEXIS 3187, at *8 (D. Me. Jan. 10, 2017) (quoting 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1487 (3d ed.) (WRIGHT & MILLER)). The Court may deny a request to amend the complaint if "the request is characterized by 'undue delay, bad faith, futility, [or] the absence of due diligence on the movant's part.'" *Id.* at *8-9 (alterations in *Thurlow*) (quoting *Calderón-Serra v. Wilmington Tr. Co.*, 715 F.3d 14, 19 (1st Cir. 2013)).

### IV. DISCUSSION

Mr. Light seeks to add the following allegations:

90. Livermore's actions in attempting to enact its marijuana ordinance and subsequently amending that ordinance did not comport with Maine statute or Livermore's own ordinances.

91. Livermore did not post the proposed ordinance in the manner provided for town meetings as required by 30-A M.R.S. § 3002(1).

92. Livermore did not post its proposed ordinance in a conspicuous, public place.

93. Livermore's proposed ordinance exceeded 10 pages in length.

>94. Livermore's warrant article did not meet the legal requirements for posting of a proposed ordinance exceeding 10 pages as required by 30-A M.R.S. § 3002(1).
>
>95. Despite initially approving Plaintiff's permit, the Town subsequently in their election of both State law and its own ordinances failed to issue the approved licensure or authorization to operate as a retail medical marijuana business.
>
>96. On May 8, 2021, the Town without any basis in law or fact, and contrary to its claims that its enactment was based on safety, purported to amend its ordinance contrary to law, policy and fact.

*Pl.'s Mot. to Amend*, Attach. 1, *Second Am. Compl. & M.R. Civ. P. 80B Pet. for Judicial Review* ¶¶ 90-96 (*Proposed Second Am. Compl.*). Mr. Light seeks a "declaratory judgment declaring that Livermore's medical marijuana ordinance was not properly enacted and is therefore null and void, that its attempts to amend that ordinance which are already null and void are ineffective, and [that] Livermore's failure to issue a license to [Mr. Weaver] to operate his business despite approving it was in contravention of Livermore's ordinances and State law." *Id.* at 16.

The Defendants' primary argument in opposition to Mr. Light's motion to amend is that the entire case is now moot because Mr. Weaver is deceased, and Mr. Light cannot recover as personal representative of Mr. Weaver's estate. In the Court's view, arguments on mootness and standing are more appropriately addressed in the context of a motion to dismiss rather than a motion to amend. If the Court addresses standing in the context of a motion to amend complaint, it will do so under the shadow of the "freely given" standard pf Rule 15(a) and the Defendant's futility argument. Although the Court could reach the futility issue in the motion to amend,

it is cleaner to address the merits of the standing argument in the pending motion to dismiss, where the Court can reach the merits of the motion without the procedural overhang of Rule 15(a).

The Court therefore finds it appropriate to defer addressing these arguments and will do so in resolving the motion to dismiss now pending before the Court. In light of the "freely given" standard for granting motions to amend under Rule 15, the Court grants the Plaintiff's motion to amend. In the Court's view, the parties have adequately addressed the standing issue in their filings on the motion to amend, and the Court will not require further briefing on the question. The Court will simply add the standing issue to the matters before the Court for resolution in the pending motion to dismiss.

## V.  CONCLUSION

The Court GRANTS the Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 25) and ORDERS the Plaintiff to file his Second Amended Complaint within three days of the date of this Order and upon filing the Defendants will have three days to file an amended answer.

SO ORDERED.

                                           /s/ John A. Woodcock, Jr.
                                           JOHN A. WOODCOCK, JR.
                                           UNITED STATES DISTRICT JUDGE

Dated this 8th day of August, 2022